PER CURIAM.
The appeals of the defendant, Helen L. Yelvington and Broward Sand Co., from a final summary judgment for plaintiffs have been here consolidated.
A dissertation of the facts giving rise to the lengthy contractual agreements between the parties would serve no useful purpose. Suffice it to say, that the plaintiffs, Irving J. Denmark, and others, leased land to Elijah Yelvington for exploitation of sand, fill and muck. Elijah assigned the contract to Broward Sand Co. Elijah died and thereafter Broward Sand breached the contract. The sole issue as to Helen Yelvington’s appeal is whether or not the terms and provisions of the contracts and addenda thereto, relating to this transaction, create and impose individual liability upon her where no judgment arising out of the contracts was entered against Elijah, her deceased husband.
The pertinent part of the contract, dated March 10, 1964, is as follows:
* * * * * * “Helen Yelvington . . . the wife of ELIJAH ANDERSON YELVING-TON, . . . acknowledges that she is executing this acknowledgment not for the purpose of entering into the foregoing contract between the parties thereto, but for the specific purpose of subjecting any property which she may own jointly or by the entirety with her husband, ELIJAH ANDERSON YELVINGTON, to a lien of execution should any exist based on litigation between the Vendors [Denmark et al] and Vendee [Elijah Yelvington] in the aforementioned contract, and if in the event there is any litigation, that a judgment be entered against her husband, ELIJAH ANDERSON YELVINGTON. It is the purpose of this acknowledgment to provide that as against the Vendors in this contract, such property is to be deemed to be held as a tenancy in common with her husband as opposed to a tenancy by the en-tireties so as to allow the Vendors, if they become judgment creditors, to enforce their judgment against the husband’s share of the property held by the entireties . . . ”
The salient parts of the assignment contract dated July 18, 1964, are:
“2. THAT WHEREAS the Vendors [Denmark et al] are consenting, in accordance with the terms of the aforementioned Agreement, to this assignment upon the sole condition that the Assignors [Elijah and Helen Yelvington] re *528 main fully and primarily liable as though they were to continue each and every single condition and covenant and agreement as contained in the aforementioned contract, the addenda and modifications thereof; and

4. It is agreed that by the execution hereof, ELIJAH A. YELVINGTON and his wife, HELEN L. YELVING-TON, specifically agree and acknowledge that they are, in consideration of the Vendors consenting to this agreement, to be bound to each term and covenant of the contract dated March 10, 1964, the addenda and subsequent modifications, together with the execution of all subsidiary and ancillary documents to the same force and extent as they are primarily.”
Helen Yelvington’s property became subject to levy on execution only in the event of a judgment against Elijah. We find that the language of the agreements creates no individual liability on Helen L. Yelvington for the reason that there was at no time any judgment against Elijah, and her later agreement imposes no further or additional liability than she contracted for originally.
Turning to the summary judgment against Broward Sand, the record reflects that there is a genuine issue of material fact with regard to a set-off for fill stockpiled on the property at the time of the breach by Broward Sand.
Therefore, the summary judgment against Helen Yelvington and Broward Sand is reversed with directions to proceed consistent with this opinion.
Reversed.